UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FRANCISCO MANJARREZ, individually
and on behalf of others similarly situated,

        Plaintiff,

      -against-

BAYARDS ALE HOUSE LLC, 218 EAST
52ND ST RESTAURANT LLC, and NIALL
MORAN,

        Defendants.

Case No.:

**COMPLAINT**

**Collective Action and Class Action Complaint**

Plaintiff FRANCISCO MANJARREZ ("Plaintiff") individually and on behalf of other similarly situated employees by and through her attorneys, FISHER TAUBENFELD LLP, allege against Defendants BAYARDS ALE HOUSE LLC ("Baynards"), 218 EAST 52ND ST RESTAURANT LLC (East") (East and Baynards are collectively the "Corporate Defendants"), and NIALL MORAN ("Moran" or the "Individual Defendant") (the Corporate Defendants and Moran are collectively "Defendants") as follows:

## JURISDICTION AND VENUE

1.      This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 201 *et seq.* (Fair Labor Standards Act), 28 U.S.C. § 1337 (interstate commerce), and 28 U.S.C. § 1331 (original federal question jurisdiction). Supplemental jurisdiction over the New York State law claims is conferred by 28 U.S.C. § 1367(a), as such claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2.      Venue is proper in this District because Defendants conduct business in this district, and the acts and/or omissions giving rise to the claims alleged herein took place in this District.

## THE PARTIES

3.      Plaintiff is a resident of New York State.

4.      Upon information and belief, Bayards is a domestic limited liability company organized and existing under the laws of the State of New York and maintains its principal place of business at 533 Hudson Street, New York, NY 10014.

5.      Upon information and belief, East is a domestic limited liability company organized and existing under the laws of the State of New York and maintains its principal place of business at 218 East 52nd Street, New York, NY 10022.

6.      Upon information and belief, at all times relevant hereto, each Corporate Defendant, individually and collectively, has been a business or enterprise engaged in interstate commerce employing more than two (2) employees and earning gross annual sales over $500,000.

7.      Plaintiff worked with tools and materials that travelled through interstate commerce, particularly ingredients and cooking utensils.

8.      Upon information and belief, at all relevant times hereto, Defendants have been and continue to be "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203.

9.      Defendants constitute an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

10.     At all relevant times hereto, Plaintiff was engaged in interstate "commerce" within the meaning of the FLSA.

11.     Upon information and belief, Defendants Moran resides in the State of New York and is an owner, manager, and/or employee of the Corporate Defendant.

12.     Upon information and belief, each Corporate Defendant is the owner of three restaurant locations in Manhattan, which are engaged in the business of serving food, and drinks to customers the State of New York.

13.     Defendants operate the following restaurants:

    a.  Bayard's West Village;

    b.  Rosie Dunn's; and

    c.  Niall's on 52nd.

14.     Defendants operated the restaurants as an integrated enterprise.  Upon information and belief, Defendant Moran owned them and they were run by the same management. Employees, including Plaintiff, worked at more than one location, and upon information and belief, the restaurants shared equipment and supplies.

15.     Defendants employ cooks, dishwashers, bartenders, servers, and other employees in both the front and back of the house all of whom, upon information and belief, are paid less than required under federal and New York State law for their work each day.

16.     Upon information and belief, Defendant Moran is a principal and officer of the Corporate Defendants.

17.     Defendant Moran possesses the authority to hire and fire employees, supervise their work schedules, set their rates of pay, and maintain payroll records.

18.     Defendant Moran approves the payroll practices for Defendants' employees, including Plaintiff.

19.     Defendant Moran possesses operational control over the restaurants and their employees through her financial control over the restaurants.

20.     Plaintiff has been employed by Defendants to work primarily as a cook within the last six (6) years.

21.     Defendant Moran is engaged in business in the County of New York. He is sued individually in his capacity as an owner, officer, employee, and/or agent of the Corporate Defendants.

22.     Defendant Moran exercises sufficient operational control over the Corporate Defendants' operations to be considered Plaintiff's employer under FLSA and New York State Labor Law ("NYLL").

23.  At all relevant times, Defendants have been Plaintiff's employers within the meaning of the NYLL §§ 2 and 651.

24.     The Individual Defendants, as one of the ten largest shareholders of the Corporate Defendant, each is individually responsible for unpaid wages under the New York Business Corporation Law (**Exhibit 1**).

25.     Each Individual Defendant created and enforced policy for the Corporate Defendants, including the employee pay policies and work schedules. All personnel and operational decisions were made or approved by the Individual Defendant.

26.     Each Individual Defendant is Plaintiffs' employers under the FLSA and NYLL and is individually liable to Plaintiffs.

## NATURE OF THE ACTION

27.     Plaintiff brings this action (a) pursuant to the FLSA and the regulations thereto on behalf of herself and other similarly situated employees who were employed by Defendants within three (3) years before the filing of the instant Complaint; and (b) pursuant to the NYLL (§ 650 *et seq.*) and the New York Commissioner of Labor's Wage Order (the "Wage Orders,") codified at 12 N.Y.C.R.R. 146 *et seq.* on behalf of herself and other similarly situated employees who worked on or after the date that is six (6) years before the filing of the instant Complaint, based upon the following acts and/or omissions which Defendants committed:

i.  Defendants' failure to pay overtime compensation required by federal and state law and regulations to Plaintiff who worked in excess of forty (40) hours per week;

ii.  Defendants' failure to provide Plaintiff with spread-of-hours payments under 12 NYCRR 146-1.6;

iii.  Defendants' failure to provide Plaintiff with a wage notice and pay stubs as required by NYLL § 195; and

iv.   Defendants' failure to pay Plaintiff for his final 4 days of employment under NYLL § 191.

### FACT ALLEGATIONS

**I.     Defendants' Wage and Hour Violations.**

28.     At all times relevant hereto, Defendants have committed the following acts and/or omissions intentionally and willfully, with knowledge that they have been violating federal and state laws and that Plaintiff has been and continues to be economically injured.

#### A. Plaintiff's Schedule and Pay Establishing Overtime Violations.

29.     Plaintiff worked for Defendants at each of the three restaurants.

30.     Plaintiff primarily worked as a dishwasher and then a cook, but also worked as a barback periodically at Biyard's and a food runner at Niall's.

31.     Plaintiff initially worked at Niall's, mostly as a dishwasher and also food runner (for which he received tips), from the beginning of his employment on October 8, 2016 until July 3, 2018.

32.     Plaintiff worked 6 days a week.

33.     Plaintiff's official schedule was from 5:00 p.m. until 2:00 a.m.

34.     Plaintiff sometimes worked past 2:00 a.m.

35.     Plaintiff also started work once a month at 1:00 p.m. or 2:00 p.m.

36.     For the last two months of Plaintiff's employment at Niall's, Plaintiff worked the morning shift from 8:00 a.m. until 5:00 p.m., although he twice or three times a week stayed 15 or more minutes later than 5:00 p.m.

37.     Plaintiff did not have a break of 20 minutes or more at Niall's.

38.     On July 4, 2018, Plaintiff began working at Biyard's as a cook.

39.     Plaintiff worked 6 days a week from 5:00 p.m. until 2:00 a.m.

40.     For 6 months of Plaintiff's employment at Biyard's, Plaintiff also opened the restaurant and began work earlier.

41.     As part of Plaintiff's job duties at Biyard's he also performed barback duties and received tips.

42.     On December 24, 2019, Defendants transferred Plaintiff to Rosie Dunn's, and he worked from 8:00 a.m. until 5:00 p.m.

43.     Plaintiff generally took a daily 25-minute break at both Biyard's and Rosie's.

6

44.     Plaintiff stopped working for Defendants on March 16, 2020 due to the COVID-19 pandemic.

45.     In May 2020, Plaintiff worked 4 days in a single week from 9:00 a.m. to 4:00 p.m. with no break, for which Defendants never paid him.

46.     Defendants paid Plaintiff in cash for most of his employment, although they did pay him by check for some of it.

47.     At the beginning of Plaintiff's employment, Defendants paid him $540 a week, although they sometimes paid him $10 per hour for some hours if he worked additional hours.

48.     When Defendants transferred Plaintiff to Biyard's, they paid him $720 a week.  If Plaintiff worked more than 54 hours in a week, Defendants would pay him the extra hours at a rate of $13 an hour.  Similarly, if Plaintiff worked fewer than 54 hours in a week, Defendants would subtract from his weekly salary the number of hours he worked multiplied by $13.

49.     Defendants paid Plaintiff when he worked at Rosie Dunn's the same way as when he worked at Biyard's.

50.     Defendants did not pay Plaintiff for his last 4 days of employment.

51.     Defendants did not pay Plaintiff time-and-a-half for his overtime hours.

**B.  Additional Wage Violations Affecting Plaintiff.**

**1.  Notice and Recordkeeping Violations.**

52.     Defendants failed to provide Plaintiff with a wage notice or proper paystubs in compliance with NYLL § 195.

53.    Defendants did not provide Plaintiff with a notice specifying his rate of pay, the basis of pay, allowances (if any) claimed against the minimum wage (e.g., tips, meals, lodging, etc.), or the identification of the regular payday.

54.    Defendants also did not provide Plaintiff with a proper paystub specifying his hourly rate of pay, the regular and overtime hours he worked, or all the other information required under NYLL § 195.

55.    Defendants have willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL and supporting regulations.

### 2.    Defendants' Failure to Pay Spread-of-Hours Payments.

56.    Defendants failed to pay Plaintiff spread-of-hours payments.

57.    Although Plaintiff on some occasions worked more than 10 hours in a day, Defendants did not pay Plaintiff for an extra hour of work at the minimum wage when Plaintiff worked more than 10 hours in a day.

### 3.    Defendants' Failure to Pay Plaintiff for His Last Four Days of Employment.

58.    Defendants also failed to pay Plaintiff for the last four days of his employment in May 2020.

### III.    Collective Action Allegations.

59.    Defendants' violations of the FLSA and NYLL extend beyond the Plaintiff to all other similarly situated employees.

60.    Plaintiff seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated current and former employees of Defendants who worked at any of their five restaurants under 29 U.S.C. § 216(b) (**Exhibit 2**).

61.    Upon information and belief, there are at least 40 cooks, dishwashers, bartenders, servers, and other employees in both the front and back of the house performing similar duties at Defendants' three restaurants who have been denied overtime compensation while working for Defendants.

62.    At all relevant times, Plaintiff and others who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay the statutorily required and overtime compensation for hours worked in excess of forty (40) per workweek. Plaintiff's claims stated herein are similar to those of other employees.

63.    Similarly situated former and current employees are readily identifiable and locatable through Defendants' records. These similarly situated employees should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).

III.    **Class Action Allegations Under Fed. R. Civ. P. 23(b)(3) for Violations of the NYLL.**

64.    Plaintiff brings this action collectively on behalf of himself and other similarly situated employees who worked at any of Defendants' three restaurants but did not receive compensation required by the NYLL in respect to their work for Defendants and who have worked for the Defendants as cooks, dishwashers, bartenders, servers, and other employees in both the front and back of the house on or after the date that is six (6) years before the filing of the instant Complaint.

65.    Upon information and belief, this class of persons consists of not less than 40 persons, and the class is thus so numerous that joinder of all members is impracticable under the standards of Fed.R.Civ.P.23(a)(1).

66.     There are questions of law and fact common to the class, which predominate over any questions affecting only individual members, specifically: whether employment of Plaintiff by Defendants is subject to jurisdiction and wage and overtime requirements of the NYLL.

67.     The claims of Plaintiff are typical of the claims of the above-described class in that all of the members of the class have been similarly affected by the acts and practices of Defendants.

68.     Plaintiff will fairly and adequately protect the interests of the members of the class, in that her interests are not adverse to the interests of other members of the class.

69.     A class action is superior to the other available methods for the fair and efficient adjudication of the controversy under the standards of Fed.R.Civ.P.23(b)(3).

70.     Plaintiff brings the second through fourth claims for relief herein on behalf of himself and all other persons similarly situated as a class action pursuant to Fed.R.Civ.P. 23, in respect to all claims that Plaintiff and all persons similarly situated have against Defendants as a result of Defendants' violations of NYLL.

## FIRST CLAIM FOR RELIEF
### (Overtime Wage Violations under the FLSA)

71.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

72.     Throughout the statute of limitations period covered by these claims, Plaintiff regularly worked in excess of forty (40) hours per workweek.

73.     At all relevant times hereto, Defendants have had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of knowingly and willfully failing and refusing to pay Plaintiff and others

10

similarly situated at one and a half times their regular rate of pay for all hours of work in excess

of forty (40) hours per workweek, and willfully failing to keep required records, in violation of the

FLSA.

74.    Plaintiff seeks damages in the amount of their respective unpaid

compensation, liquidated (double) damages as provided by the FLSA, attorneys' fees, and costs,

and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
### (Overtime Wage Violations under NYLL)

75.    Plaintiff repeats and realleges all paragraphs above as though fully set forth

herein.

76.    New York law prohibits an employer from permitting an employee to work

without paying overtime wages of 150% of his or her regular rate for all hours worked in excess

of forty (40) in any workweek.

77.    Throughout the statute of limitations period covered by these claims,

Defendants knowingly, willfully, regularly and repeatedly failed to pay Plaintiff and others

similarly situated at the required overtime rates, one and a half times their regular rate of pay, for

hours worked in excess of forty (40) per workweek.

78.    As a direct and proximate result of Defendants' willful and unlawful

conduct, as set forth herein, Plaintiff and others similarly situated have sustained damages and

seek recovery for unpaid wages in an amount to be determined at trial, attorneys' fees, costs,

liquidated damages and prejudgment interest as provided by NYLL § 663 and supporting

regulations, and such other legal and equitable relief as this Court deems just and proper.

## THIRD CLAIM FOR RELIEF
### (NYLL Failure to Notify)

79.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

80.     Pursuant to §195(1) of the NYLL, within ten business days of Plaintiff and other similarly situated employees' hiring, Defendants were obligated to provide them with a notice describing, *inter alia*, their hourly regular and overtime rates of pay.

81.     Pursuant to §195(3) of the NYLL, Defendants are obligated to provide Plaintiff and other similarly situated employees with a wage statement, along with their pay, that specified their rate of pay, their hours worked, and the pay period.

82.     Defendants failed to provide Plaintiff and other similarly situated employees with a notice or paystub in accordance with §195 of the NYLL.

83.     As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiff and other similarly situated employees have sustained damages and seek damages in accordance with §195 of the NYLL for each week Defendants failed to provide such notice and paystubs, along with attorneys' fees, costs and prejudgment interest as provided by NYLL § 198 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## FOURTH CLAIM FOR RELIEF
### (NYLL Unpaid Spread-of-Hours)

84.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

85.     Pursuant to 12 NYCRR 146-1.6, Defendants had an obligation to compensate Plaintiff and other similarly situated employees for one hour's pay at the minimum wage for each day he worked more than 10 hours.

86.      Although Plaintiff regularly worked more than 10 hours in a day, Defendants failed to compensate Plaintiff and other similarly situated employees for one hour's pay at the minimum wage.

87.     As a direct and proximate result of Defendants' unlawful conduct as set forth herein, Plaintiff and other similarly situated employees have sustained damages and seek recovery for spread-of-hours pay in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 663 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## FIFTH CLAIM FOR RELIEF
**(NYLL Failure to Timely Pay Wages)**

88.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

89.     NYLL § 191 requires that an employer pay an employee all of his or her wages no later than the next pay period.

90.     Defendants failed to pay Plaintiff for his last four days of employment.

91.     As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiff has sustained damages and seeks recovery for unpaid wages in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 198 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment awarding:

A. Compensatory Damages in an amount to be determined at trial;

B. Prejudgment Interest;

C. Liquidated Damages pursuant to the FLSA and NYLL;

D. Plaintiff's costs and reasonable attorneys' fees; and

E. Any relief the Court deems just and proper.

Dated:  March 5, 2021
        New York, New York

                                        Respectfully submitted,


                                        _____
                                        Michael Taubenfeld
                                        FISHER TAUBENFELD LLP
                                        225 Broadway, Suite 1700
                                        New York, New York 10007
                                        Phone: (212) 571-0700
                                        Facsimile: (212) 505-2001
                                        *ATTORNEYS FOR PLAINTIFF*

# EXHIBIT 1

## AUTORIZACIÓN PARA DEMANDAR BAJO LA LEY FEDERAL DE NORMAS RAZONABLES DE TRABAJO

Soy un individuo que fue empleado de Bayard's Ale House LLC o de entidades relacionadas. Autorizo ser demandante en una acción para recolectar sueldos impagos.  Acepto cumplir con los términos del Contrato de Prestación de Servicios Profesionales que firmé para este caso.

José Francisco Manjarrez
_____
NOMBRE

_____
FIRMA

January 27th 2020
_____
FECHA

## CONSENT TO SUE UNDER FEDERAL FAIR LABOR STANDARDS ACT

I am an individual who was formerly employed by Bayard's Ale House LLC and/or related entities.

I consent to be a plaintiff in an action to collect unpaid wages.  I agree that I am bound by the terms

of the Professional Services Agreement signed by me in this case.

_____*FM*_____
SIGNATURE

_____1/27/21_____
DATE


I hereby declare that I am fluent in both the Spanish and English languages and that English
translation of the above Consent to Sue form is a true translation of the Spanish Consent to Sue
form signed by  José Francisco Manjarrez.


_____*matthew vasquez*_____
MATTHEW VASQUEZ

# EXHIBIT 2

## DEMAND BY EMPLOYEES TO INSPECT SHARE RECORDS AND MINUTES PURSUANT TO SECTION 624 OF THE NEW YORK STATE BUSINESS CORPORATION LAW

TO:      BAYARDS ALE HOUSE LLC.

PLEASE TAKE NOTICE that FRANCISCO JOSE MANJARREZ, as an employee of the above corporation who intends to demand, pursuant to the provisions of Section 630 of the Business Corporation Law of New York, payment of debts, wages and/or salaries due and owing to him as a laborer, servant, and/or employee of the above corporation for services performed by him for the above corporation within the six (6) years preceding the date of this notice from the ten largest shareholders of the above corporation, and who has expressly authorized the undersigned, as his attorney, to make this demand on their behalf,

HE ALSO HEREBY DEMANDS the right to examine, in person or by agent or attorney, during usual business hours, the minutes of the proceedings of the shareholders and record of shareholders of the above corporation and to make extracts therefrom on or after five (5) days from receipt of this notice.

    Dated: New York, New York
         March 5, 2021

                                FISHER TAUBENFELD LLP

                                _____/s/_____
                                Michael Taubenfeld
                                225 Broadway, Suite 1700
                                New York, New York 10007
                                Phone: (212) 571-0700
                                Facsimile: (212) 505-2001
                                *ATTORNEYS FOR PLAINTIFF*

## NOTICE OF INTENTION TO ENFORCE SHAREHOLDER LIABILITY FOR SERVICES RENDERED

TO:    NIALL MORAN

PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that FRANCISCO JOSE MANJARREZ, on behalf of himself and on behalf of all others similarly situated, intends to charge you and hold you personally liable as one of the ten largest shareholders of BAYARDS ALE HOUSE LLC., for all debts, wages, and/or salaries due and owing to him as a laborer, servant, and/or employee of the said corporation for services performed by him for the said corporation within the six (6) years preceding the date of this notice and has expressly authorized the undersigned, as his attorney, to make this demand on his behalf.

Dated: New York, New York
       March 5, 2021

FISHER TAUBENFELD LLP

_____/s/_____
Michael Taubenfeld
225 Broadway, Suite 1700
New York, New York 10007
Phone: (212) 571-0700
Facsimile: (212) 505-2001
 *ATTORNEYS FOR PLAINTIFF*