**F I S H E R  |  T A U B E N F E L D  LLP**

225 Broadway, Suite 1700
New York, New York 10007
**Main** 212.571.0700
**Fax** 212.505.2001
www.fishertaubenfeld.com

Writer's direct dial: (212) 571-0700 ex. 102
Writer's email: michael@fishertaubenfeld.com

March 22, 2022

**VIA ECF**
Hon. Ona T. Wang
United States Magistrate Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

> Re: Manjarrez v. Bayard's Ale House LLC et al.
> Doc. No. 21-cv-1968 (OTW)

Dear Judge Wang:

We represent Plaintiff in this action.  The parties write to respectfully request that the Court approve their settlement as fair and reasonable under Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015) and so order the Stipulation of Dismissal that is attached as **Exhibit 1**.

## 1.  Factual Background and Procedural History.

Plaintiff is a former restaurant worker who performed various roles for Defendants from 2016 until 2020.  Plaintiff worked for Defendants' 3 restaurants in Manhattan, as at varying times a busboy, kitchen worker, food runner, and waiter.  During this timeframe, Plaintiff generally worked 9 hours a day and for most of his employment worked 6 days a week.  Defendants allegedly paid Plaintiff a set shift rate for each day he worked and did not pay him overtime pay.  Defendants also allegedly did not provide Plaintiff with a wage notice or a wage statement that included the actual regular and overtime hours Plaintiff worked.[1]

Plaintiff filed this action in March 2021.  After this lawsuit began, the parties exchanged documents, and Plaintiff calculated his damages based on Defendants' records.  Based on these records, Plaintiff calculated his total overtime damages to be $30,694 and the same amount for liquidated damages. Plaintiff calculated his FLSA overtime damages, however, to be

---

[1] Plaintiff also alleged that he worked more than 10 hours in a day on some occasions and did not get paid for his last 4 days of employment.  These claims were small enough not to affect the parties' negotiations.

only $23,764.50. Plaintiff also asserted that he was owed $10,000 for Defendants' violation of NYLL §195 by failing to provide him with a wage notice or paystubs that included all of his hours worked. Defendants, however, vigorously dispute Plaintiff's calculation of damages, including the hours that he claimed he worked, which were more extensive than what the records reflected.

Armed with Plaintiff's calculation of damages and Defendants' records, the parties worked towards settlement. They met with the Court-appointed mediator to work out factual and legal disputes that they had. During the discussions, Defendants also advised Plaintiff that they were having financial difficulties due to the myriad and unpredictable COVID-related shutdowns in Manhattan that substantially harmed their business. Ultimately, the parties reached a settlement in principle in February 2022 and finalized it on March 18, 2022 (**Exhibit 2**). Under the Agreement, Plaintiff is to receive $40,000 over the course of approximately 5 months, and in exchange Plaintiff agrees to release only his FLSA and NYLL claims. The payment is secured by a confession of judgment. There are no nondisparagement or confidentiality clauses in the agreement. Under the Agreement, of the $40,000, Plaintiff will receive $26,162.00, and my firm will receive $13,838.00 in attorneys' fees and costs.

## 2. The Settlement is Proper Under Cheeks.

The Court should approve the settlement. In determining whether to approve a settlement, this Court has looked at the following factors:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

Guajardo v. Titan Constr. Servs. LLC, No. 19-CV-1551 (OTW), 2020 WL 1922642, at *2 (S.D.N.Y. Apr. 21, 2020).

The settlement is reasonable under these factors. The settlement amount constitutes more than 100% of Plaintiff's best-case unpaid overtime pay under the FLSA and almost 90% of Plaintiff's best-case unpaid overtime damages under the FLSA and NYLL. In addition, the risks and burdens of litigation are substantial. Defendants' records contradict some of Plaintiff's claimed hours, and his damages are likely lower than his original allegations. Further, crucially, Defendants have advised Plaintiff that they will not be able to afford a significant award at trial, and Plaintiff may ultimately receive nothing if he litigates to the end. Therefore, Plaintiff benefits from receiving a large portion of his damages within a few months without waiting potentially years to recover and taking the risk of recovering nothing at all. Further, the parties negotiated in good faith and at arms-length with the assistance of an experienced court-appointed mediator.

Notably, no extra factors support denying the settlement. The release is limited to wage-and-hour claims, and there are no confidentiality or nondisparagement provisions.

Finally, the attorneys' fees and costs are reasonable.  Under the agreement, my firm will receive $13,838.00, which is comprised of $757 in costs, plus one-third of the settlement amount net of costs ($13,081.00).  The costs are comprised entirely of the filing fee and service costs.  Courts, including this Court, regularly approve attorneys' fees of one-third of the settlement amount in FLSA cases. Guajardo, 2020 WL 1922642, at *3; Meza v. 317 Amsterdam Corp., No. 14-CV-9007 (VSB), 2015 WL 9161791, at *2 (S.D.N.Y. Dec. 14, 2015); Merino Leon v. Univ 45 Fruit & Vegetable Corp., No. 19-CV-8266 (RA), 2020 WL 1322580, at *2 (S.D.N.Y. Mar. 20, 2020); Carrion v. 381 North Ave. Auto Care Inc. et al, Case No. 19-CV-05901 (Magistrate-Judge Davison - October 29, 2019).  Accordingly, the Court should approve Plaintiff's attorneys' fees and costs.

Thank you for your attention to the above.

Respectfully Submitted,

--------------------/s/----------------

Michael Taubenfeld

Encl.

**EXHIBIT 1**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FRANCISCO MANJARREZ, individually
and on behalf of others similarly situated,

        Plaintiff,

    -against-

BAYARDS ALE HOUSE LLC, 218 EAST
52ND ST RESTAURANT LLC, and NIALL
MORAN,

        Defendants.

Case No.: 20-cv-1968 (AJN)

## SETTLEMENT AGREEMENT
## AND FULL AND FINAL RELEASE OF ALL CLAIMS

This Settlement Agreement and Full and Final Release of all Wage Claims ("Agreement") is entered into as of this 18th of March 2022 by Plaintiff FRANCISCO MANJARREZ and Defendants BAYARDS ALE HOUSE LLC, 218 EAST 52ND ST RESTAURANT LLC, and NIALL MORAN (collectively, "Defendants") (Plaintiff and Defendants are the "Parties").

**WHEREAS** Plaintiff commenced the within action (the "Action") asserting claims arising from and related to his employment by Defendants;

**WHEREAS** Defendants deny the allegations and deny all liability;

**WHEREAS** the Parties are desirous of resolving the present litigation and dispute between them;

**WHEREAS**, the parties have now reached an agreement on all issues;

1

**WHEREAS,** it is expressly understood that Plaintiff and Defendants have entered into this Agreement solely for the purpose of avoiding further litigation and the cost of ongoing litigation;

**WHEREAS,** the Parties agree to submit this Agreement to the Court for its approval under Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015).

**NOW THEREFORE**, in consideration of the undertakings contained in this Agreement, and for other good and valuable consideration, it is hereby stipulated and agreed to by the Parties as follows:

1. **Payments**:

a.    Defendants agree to pay $40,000 to Plaintiff and Fisher Taubenfeld LLP in full resolution of Plaintiff's claims ("Settlement Payments").  No later than March 25, 2022, Defendants agree to make the initial payment of $8,000 ("Initial Payment") broken down as follows: to Plaintiff $5,232.40 and to Fisher Taubenfeld LLP $2,767.60. Subsequently, Defendants shall make four (4) monthly payments totaling $32,000 ($8,000 per payment) on April 20, 2022, May 20, 2022, June 20, 2022, and July 20, 2022 ("Installment Payments") as follows: to Plaintiff $5,232.40 and to Fisher Taubenfeld LLP $2,767.60.  In the event that the Court does not approve the Agreement by the date any Installment Payment is due, the payment will be made to Fisher Taubenfeld and held in escrow in their trust account until Court approval is issued at which point the funds may be disbursed to Plaintiff.

b.    Each payment to Plaintiff shall be issued via two checks in Plaintiff's name or direct deposit into his bank account.  One check shall be a paycheck for which deductions and withholdings shall be taken and for which an IRS Form W-2 shall be

issued.  The other check shall not have withholdings and deductions taken and an IRS Form 1099 shall be issued.  All checks shall be sent to Michael Taubenfeld, Esq., Fisher Taubenfeld LLP, 225 Broadway, Suite 1700, New York, NY 10007.

c.      All payments to Fisher Taubenfeld LLP shall be for attorneys' fees and costs, which shall be inclusive of all claims for attorneys' fees and expenses.  These payments will be issued via check made out to Fisher Taubenfeld LLP or direct deposit into the firm's bank account and shall be sent to Michael Taubenfeld, Esq., Fisher Taubenfeld LLP, 225 Broadway, Suite 1700, New York, NY 10007.

d.      All Defendants shall be jointly and severally liable for the payments required in this Paragraph.

e.      Plaintiff agrees to indemnify and hold harmless Defendants for any tax consequences to Defendants resulting from his failure to pay his share of taxes arising from the Settlement Payments.

f.      In the event that any of the Settlement Payments required hereunder are not timely made, Plaintiff's counsel may issue a written Notice of Breach and send same to Defendants' counsel in accordance with Paragraph 8 of this Agreement.  Defendants shall thereafter have ten (10) calendar days to cure the breach by paying the past due Settlement Payment.  If Defendants fail to cure the Breach within ten (10) calendar days of service of the Notice of Breach or if Defendants fail to timely make a Settlement Payment on more than three occasions, they shall be in default, rendering Defendants jointly and severally liable for the sum of $50,000, less any monies theretofore paid by Defendants prior to the occurrence of such default under this Agreement. Such liability shall be in lieu of all costs of collection, interest, to the extent that they have accrued

3

prior to the entry of judgment, but Plaintiff will be entitled to recover any collection costs and attorneys' fees incurred in collecting on the judgment and in enforcing this Agreement.   Any language contained herein to the contrary notwithstanding, the Defendants shall be entitled to no more than two (2) notices to cure. If there is a third occasion upon which payment is not received in the office of Plaintiff's counsel on the date required by this Paragraph, or a third occasion upon which a check given in payment hereunder is dishonored, or a third occurrence of any combination of the non-receipt of a payment on time or a dishonored check, and two notices to cure have, at such time, previously been served hereunder, no further notice to cure shall be required, and the Plaintiff and/or his counsel may enter judgment upon the confession given hereunder without service of any further notice to cure. The affidavit of confession of judgment which is appended hereto as **Exhibit 1** is incorporated by reference herein, and shall be held in escrow by Plaintiff's counsel and not released unless there is a default under this Agreement, and either i) Defendants' fail to cure within the time period required, or ii) Defendants' default and no further notice to cure is required hereunder. After consultation with counsel, Defendants, and each of them, agree that this provision is not a penalty or forfeiture as a matter of New York State substantive contract law, and warrant that no such argument will be made under any circumstances in the future in opposition to any application for the entry of judgment or in support of any application to vacate any judgment. It is also understood that this default provision was a *sine qua non* for extending the Defendants' time to make payment hereunder, and Plaintiff insisted upon this provision to insure that the Settlement Payments are given sufficient priority among the Defendants' other financial obligations.

4

## 2. Release of Claims:

Plaintiff waives all claims against Defendants and releases and forever discharges Defendants to the fullest extent permitted by law from any and all liability for any claims, rights or damages of any kind, that Plaintiff may have against Defendants under the Fair Labor Standards Act and New York Labor Law. This Agreement is not intended to, and does not, release rights or claims that arose or may arise after the date of the Agreement, including without limitation any rights or claims that Plaintiff may have to secure enforcement of the terms and conditions of this Agreement. Plaintiff further agree to dismiss with prejudice any pending civil lawsuit or arbitration covered by the Release of Claims.

## 3. Dismissal, No Future Lawsuits:

Plaintiff shall cause his attorney to execute a Stipulation of and Order of Dismissal, attached as **Exhibit 2**, dismissing the Action in its entirety, with prejudice. Plaintiff shall also submit this Agreement, along with any necessary, to obtain a finding from the Court that this Agreement is fair and reasonable.

## 4. Integration Clause:

This Agreement constitutes the entire and only understanding and agreement among Plaintiff and Defendants respecting the subject matter of this action. All prior or contemporaneous understandings, discussions, agreements, writings of any kind and/or representations, whether oral or written, are expressly superseded by this Agreement. No party hereto is relying on any representations made by any other party regarding or related to this Agreement or the implications thereof.

5. **Additional Clauses:**

    a.      This Agreement is the product of negotiation among the Parties and shall not be construed against any party as draftsman.

    b.      This Agreement may not be amended, modified or waived, except by a writing signed by all Parties hereto. Waiver by any of the parties hereto of any breach hereunder by any other party shall not operate as a waiver of any other breach, whether similar to or different from the breach waived. No delay on the part of any of the parties in the exercise of any of their respective rights or remedies shall operate as a waiver thereof, and no single or partial exercise by any of the parties of any such right or remedy shall preclude other or further exercise thereof.

    c.      This Agreement will be binding on and will inure to the benefit of the Parties and their respective agents, servants, employees, insurers, predecessors, successors, assigns, heirs and/or administrators, and any and all related, affiliated and subsidiary entities.

    d.      This Agreement will be interpreted and otherwise governed under the laws of the State of New York.

    e.      Should any provision of this Agreement be held invalid, illegal or unenforceable, it shall be deemed to be modified so that its purpose can lawfully be effectuated and the balance of this Agreement shall remain in full force and effect.

    f.      The Parties hereby acknowledge and consent to the power and continuing jurisdiction of the United States District Court for the Southern District of New

6

Any notice under this Agreement shall be sent by email.  If to Defendants, such notice shall be sent to Martin D. Novar, Esq., email address: martin@novaresq.com.  If to Plaintiff, such notice shall be sent to Michael Taubenfeld, Esq., Fisher Taubenfeld LLP, email address: michael@fishertaubenfeld.com.  A party may change its address or email address for notices by providing notice to such effect in accordance with this Paragraph.

7. **Counterparts**:

This Agreement is effective when it has been fully-executed by all Parties. Electronic and facsimile signatures, including via DocuSign, shall be deemed as originals. This Agreement may be executed in any number of counterparts, each of which shall be deemed an original and which together shall constitute one and the same document.

**THE UNDERSIGNED HAVE READ THE FOREGOING SETTLEMENT AGREEMENT AND GENERAL RELEASE, FULLY UNDERSTAND IT AND VOLUTARILY AGREE TO IT**

Dated: _3/22/2022_____    By:_____
                              FRANCISCO MANJARREZ

                              BAYARDS ALE HOUSE LLC

Dated:_____    By_____
                              NIALL MORAN

                              218 EAST 52ND ST RESTAURANT LLC

Dated:_____    By_____
                              NIALL MORAN

Dated:_____    _____
                              NIALL MORAN

York to enforce the terms of this Agreement.

### 6. Notices:

Any notice under this Agreement shall be sent by email. If to Defendants, such notice shall be sent to Martin D. Novar, Esq., email address: martin@novaresq.com. If to Plaintiff, such notice shall be sent to Michael Taubenfeld, Esq., Fisher Taubenfeld LLP, email address: michael@fishertaubenfeld.com. A party may change its address or email address for notices by providing notice to such effect in accordance with this Paragraph.

### 7. Counterparts:

This Agreement is effective when it has been fully-executed by all Parties. Electronic and facsimile signatures, including via DocuSign, shall be deemed as originals. This Agreement may be executed in any number of counterparts, each of which shall be deemed an original and which together shall constitute one and the same document.

**THE UNDERSIGNED HAVE READ THE FOREGOING SETTLEMENT AGREEMENT AND GENERAL RELEASE, FULLY UNDERSTAND IT AND VOLUTARILY AGREE TO IT**

Dated: _____          By:_____
                                     FRANCISCO MANJARREZ

                                BAYARDS ALE HOUSE LLC

Dated: 3/15/22                  By_____
                                     NIALL MORAN

                                218 EAST 52ND ST RESTAURANT LLC

Dated: 3/15/22-                 By_____
                                     NIALL MORAN

7

Dated: 3/15/22

_____
NIALL MORAN

# **EXHIBIT 1**

SUPREME COURT OF THE STATE OF NEW YORK
– – – – – – – – – – – – – – – – – – – – – – – – – – – – – – x

FRANCISCO MANJARREZ,     :
                :
    Plaintiff,      :  Index No.:
                :
   -against-       :
                :
                :
BAYARDS ALE HOUSE LLC, 218 EAST :
52ND ST RESTAURANT LLC, and NIALL :
MORAN,           :
                :
    Defendants.     :
                :
– – – – – – – – – – – – – – – – – – – – – – – – – – – – – – X

## **AFFIDAVIT OF CONFESSION OF JUDGMENT**

STATE OF NEW YORK    )
          : ss.:
COUNTY OF  New York   )

1.   I reside in  New York  County in the State of New York.

   1.   I, Niall Moran, am the  \*    of Bayards Ale House LLC.  I am duly authorized to make this affidavit of confession of judgment on behalf of Bayards Ale House LLC.       \*former Managing Member

   3.   Bayards Ale House LLC maintained its principal place of business in New York County at  1589 1st Avenue  .

   4.   Pursuant to the terms of the Settlement Agreement and Release (the "Settlement Agreement") by and between Francisco Manjarrez ( "Plaintiff") and Bayards Ale House LLC, 218 East 52nd St Restaurant LLC, and Niall Moran (each a "Defendant" and collectively, "Defendants"), to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof against Bayards Ale House LLC in favor of Plaintiff for the sum of Fifty Thousand Dollars and No Cents ($50,000.00), less any payments made under the Settlement Agreement, plus any attorneys' fees and costs incurred by Plaintiff.

   5.   This affidavit of confession of judgment is for a debt justly due to Plaintiff under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that

9

the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants are to submit a total sum of $50,000.00 to Plaintiff in installments as set forth in the Settlement Agreement. The amount of this affidavit of confession of judgment represents the settlement amount of $40,000.00, plus an additional $10,000.00 as liquidated damages due to Defendants' breach.

This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of Defendants, including, without limitation, the terms and provisions of the Settlement Agreement.

I hereby represent my understanding that upon Defendants' failure to deliver the installment payments pursuant to the terms of the Settlement Agreement and failure to cure such default in accordance with the Settlement Agreement, this Confession of Judgment shall be docketed and entered into the Supreme Court of the State of New York as a judgment for $50,000.00 (less any amounts already paid to Plaintiff pursuant to the schedule set forth in the Settlement Agreement), against Bayards Ale House LLC, and I further authorize a judgment against Bayards Ale House LLC for any reasonable attorneys' fees and costs incurred by Plaintiff.

This affidavit of Confession of Judgment was not executed prior to the time of a default in payment of an installment in connection with the purchase of $1,500.00 or less of any commodities for any use other than a commercial or business use upon any plan of deferred payments whereby the price or cost is payable in two or more installments.

6. Terms used herein, but not defined, shall have the meanings ascribed to them in the Settlement Agreement.

Bayards Ale House LLC

By: _____

Niall Moran

Title: FORMER Managing
Partner.

STATE OF __U Y__ )
                   : ss.:

On __March 15__, 2022, before me personally came __Niall Moran__, to me known, who, by me duly sworn, did depose and say that deponent resides at __218 East 52nd St., NY, NY__, that deponent is the __t__ of Bayards Ale House LLC the party described herein, and that deponent executed the foregoing Affidavit of Confession of Judgment on behalf of Bayards Ale House LLC and was authorized to do so.

*Former Managing Member

_____
Notary Public

10

MARTIN D. NOVAR
Notary Public, State of New York
No. 02NO5056062
Qualified in New York County
Certificate Filed in New York County
Commission Expires Feb. 26, 2024

SUPREME COURT OF THE STATE OF NEW YORK

– – – – – – – – – – – – – – – – – – – – – – – – – – x

FRANCISCO MANJARREZ,                          :
                                              :
                   Plaintiff,                 :    Index No.:
                                              :
         -against-                            :
                                              :
                                              :
                                              :
BAYARDS ALE HOUSE LLC, 218 EAST               :
52ND ST RESTAURANT LLC, and NIALL             :
MORAN,                                        :
                                              :
                   Defendants.                :
                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## AFFIDAVIT OF CONFESSION OF JUDGMENT

STATE OF NEW YORK          )
                              : ss.:
COUNTY OF NEW YORK   )

2.      I reside in New York County in the State of New York.

2.      I, Niall Moran, am the Manning Member of 218 East 52nd St Restaurant LLC.  I am duly authorized to make this affidavit of confession of judgment on behalf of 218 East 52nd St Restaurant LLC.

3.      218 East 52nd St Restaurant LLC maintains its principal place of business in New York County at 218 East 52nd Street.

4.      Pursuant to the terms of the Settlement Agreement and Release (the "Settlement Agreement") by and between Francisco Manjarrez ( "Plaintiff") and Bayards Ale House LLC, 218 East 52nd St Restaurant LLC, and Niall Moran (each a "Defendant" and collectively, "Defendants"), to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof against 218 East 52nd St Restaurant LLC in favor of Plaintiff for the sum of Fifty Thousand Dollars and No Cents ($50,000.00), less any payments made under the Settlement Agreement, plus any attorneys' fees and costs incurred by Plaintiff.

5.      This affidavit of confession of judgment is for a debt justly due to Plaintiff under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants are to submit a total sum of $50,000.00 to Plaintiff in installments as set forth in the Settlement Agreement.  The amount of this affidavit of confession of judgment represents the

12

settlement amount of $40,000.00, plus an additional $10,000.00 as liquidated damages due to Defendants' breach.

This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of Defendants, including, without limitation, the terms and provisions of the Settlement Agreement.

I hereby represent my understanding that upon Defendants' failure to deliver the installment payments pursuant to the terms of the Settlement Agreement and failure to cure such default in accordance with the Settlement Agreement, this Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York as a judgment for $50,000.00 (less any amounts already paid to Plaintiff pursuant to the schedule set forth in the Settlement Agreement), against 218 East 52nd St Restaurant LLC, and I further authorize a judgment against 218 East 52nd St Restaurant LLC for any reasonable attorneys' fees and costs incurred by Plaintiff.

This affidavit of Confession of Judgment was not executed prior to the time of a default in payment of an installment in connection with the purchase of $1,500.00 or less of any commodities for any use other than a commercial or business use upon any plan of deferred payments whereby the price or cost is payable in two or more installments.

7.   Terms used herein, but not defined, shall have the meanings ascribed to them in the Settlement Agreement.

218 East 52nd St Restaurant LLC

By: _____

Niall Moran

Title: _____

STATE OF New York )
                   : ss.:

On March 15 , 2022, before me personally came Niall Moran , to me known, who by me duly sworn, did depose and say that deponent resides at 218 East 52nd St. NY, NY , that deponent is the Manager, Member 218 East 52nd St Restaurant LLC the party described herein, and that deponent executed the foregoing Affidavit of Confession of Judgment on behalf of 218 East 52nd St Restaurant LLC and was authorized to do so.

_____
Notary Public

MARTIN D. NOVAR
Notary Public, State of New York
No. 02NO5056062
Qualified in New York County
Certificate Filed in New York County
Commission Expires Feb. 26, 2024

12

SUPREME COURT OF THE STATE OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

FRANCISCO MANJARREZ,                          :
                                              :
            Plaintiff,                        :      Index No.:
                                              :
       -against-                              :
                                              :
                                              :      **AFFIDAVIT OF CONFESSION OF**
                                              :      **JUDGMENT**
BAYARDS ALE HOUSE LLC, 218 EAST               :
52ND ST RESTAURANT LLC, and NIALL             :
MORAN,                                        :
                                              :
            Defendants.                       :
                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

STATE OF NEW YORK        )
                            : ss.:
COUNTY OF NEW YORK )

1.      I reside in New York County in the State of New York.

2.      Pursuant to the terms of the Settlement Agreement and Release (the "Settlement Agreement") by and between Francisco Manjarrez ( "Plaintiff") and Bayards Ale House LLC, 218 East 52nd St Restaurant LLC, and Niall Moran (each a "Defendant" and collectively, "Defendants"), to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof against 218 East 52nd St Restaurant LLC in favor of Plaintiff for the sum of Fifty Thousand Dollars and No Cents ($50,000.00), less any payments made under the Settlement Agreement, plus any attorneys' fees and costs incurred by Plaintiff.

3.      This affidavit of confession of judgment is for a debt justly due to Plaintiff under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants are to submit a total sum of $50,000.00 to Plaintiff in installments as set forth in the Settlement Agreement. The amount of this affidavit of confession of judgment represents the settlement amount of $40,000.00, plus an additional $10,000.00 as liquidated damages due to Defendants' breach.

4.      This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of Defendants, including, without limitation, the terms and provisions of the Settlement Agreement.

5.      I hereby represent my understanding that upon Defendants' failure to deliver the installment payments pursuant to the terms of the Settlement Agreement and failure to cure such

14

default in accordance with the Settlement Agreement, this Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York as a judgment for $50,000.00 (less any amounts already paid to Plaintiff pursuant to the schedule set forth in the Settlement Agreement), against me, and I further authorize a judgment against me for any reasonable attorneys' fees and costs incurred by Plaintiff.

4.      This affidavit of Confession of Judgment was not executed prior to the time of a default in payment of an installment in connection with the purchase of $1,500.00 or less of any commodities for any use other than a commercial or business use upon any plan of deferred payments whereby the price or cost is payable in two or more installments.

7.      Terms used herein, but not defined, shall have the meanings ascribed to them in the Settlement Agreement.

_____
Niall Moran

Sworn to before me this
15th day of March 2022

_____
Notary Public

MARTIN D. NOVAR
Notary Public, State of New York
No. 02NO6058082
Qualified in New York County
Certificate Filed in New York County
Commission Expires Feb. 26, 2024

14

# **EXHIBIT 2**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FRANCISCO MANJARREZ, individually
and on behalf of others similarly situated,

               Plaintiff,

       -against-

BAYARDS ALE HOUSE LLC, 218 EAST
52ND ST RESTAURANT LLC, and NIALL
MORAN,

            Defendants.

Case No.: 20-cv-1968 (OTW)

**STIPULATION   AND   ORDER   OF
DISMISSAL**

     **IT IS HEREBY STIPULATED** by and between Plaintiff and Defendants, that the above-captioned action is hereby dismissed with prejudice pursuant to a settlement agreement.

     **IT IS FURTHER STIPULATED AND AGREED** that the United State District Court for the Eastern District of New York, shall retain jurisdiction for purposes of enforcing the parties' settlement agreement attached to the parties' settlement agreement dated March 18 2022.

     **IT IS FURTHER STIPULATED AND AGREED** that the Settlement Agreement submitted to the Court on March 18, 2022 is fair and reasonable.

**FISHER TAUBENFELD LLP**

By: *Michael Taubenfeld*
    Michael Taubenfeld, Esq.
    225 Broadway, Suite 1700
    New York, New York 10007
    *Attorneys for Plaintiff*

By: _____
    Martin D. Novar, Esq.
    112 Madison Ave., Sixth Floor
    New York, NY 10016
    *Attorneys for Defendants*

SO ORDERED:

                             15

_____
Hon. Ona T. Wang, U.S.M.J

**EXHIBIT 2**

# **EXHIBIT 2**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FRANCISCO MANJARREZ, individually
and on behalf of others similarly situated,

          Plaintiff,

       -against-

BAYARDS ALE HOUSE LLC, 218 EAST
52ND ST RESTAURANT LLC, and NIALL
MORAN,

          Defendants.

Case No.: 20-cv-1968 (OTW)

**STIPULATION   AND   ORDER   OF
DISMISSAL**

    **IT IS HEREBY STIPULATED** by and between Plaintiff and Defendants, that the above-captioned action is hereby dismissed with prejudice pursuant to a settlement agreement.

    **IT IS FURTHER STIPULATED AND AGREED** that the United State District Court for the Eastern District of New York, shall retain jurisdiction for purposes of enforcing the parties' settlement agreement attached to the parties' settlement agreement dated March 18 2022.

    **IT IS FURTHER STIPULATED AND AGREED** that the Settlement Agreement submitted to the Court on March 18, 2022 is fair and reasonable.

**FISHER TAUBENFELD LLP**

By: *Michael Taubenfeld*
    Michael Taubenfeld, Esq.
    225 Broadway, Suite 1700
    New York, New York 10007
    *Attorneys for Plaintiff*

By: 
    Martin D. Novar, Esq.
    112 Madison Ave., Sixth Floor
    New York, NY 10016
    *Attorneys for Defendants*

SO ORDERED:

15

_____
Hon. Ona T. Wang, U.S.M.J