FISHER | TAUBENFELD LLP

225 Broadway, Suite 1700
New York, New York 10007
**Main** 212.571.0700
**Fax** 212.505.2001
www.fishertaubenfeld.com

Writer's direct dial: (212) 571-0700 ex. 102
Writer's email: michael@fishertaubenfeld.com

July 4, 2022

**VIA ECF**
Hon. Ona T. Wang
United States Magistrate Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

        Re: Manjarrez v. Bayard's Ale House LLC et al.
        Doc. No. 21-cv-1968 (ER)(OTW)

Dear Judge Wang:

    We represent Plaintiff in this action. We write in compliance with the Court's June 27, 2022 order.

    Plaintiff's damages calculations are attached as **Exhibit 1**. These calculations are based on Defendants' records, which reflect how Plaintiff was paid when he worked for the various restaurants allegedly owned by Defendants, as well as Plaintiff's recollection when his recollection of hours conflicted with the records. A few points to help the Court understand the calculations. On some occasions, Plaintiff worked at multiple locations during the same workweek, and we aggregated the hours from both locations, which is why the records reflect "second" regular and overtime hours. Further, in calculating Plaintiff's overtime rate when Plaintiff was paid a salary, we divided the total amount paid each week by 40 instead of the total number of hours worked. So, for example, in the first week of 2019, Plaintiff earned $720 and worked 54 hours. Plaintiff's regular rate was therefore $18 ($720/40), and his overtime rate was $27 ($18*1.5). We then multiplied the overtime rate by the overtime hours to determine the unpaid overtime damages and added 100% of that amount for liquidated damages.[1] The total overtime damages is $30,694.50 and liquidated damages are the same amount. Plaintiff also included $10,000 for NYLL §195 damages.

---

[1] We also calculated damages for unpaid regular hours, which is when Plaintiff did not receive pay for all of his hours, but he worked fewer than 40 hours. The total amount of unpaid regular hours over 3 and a half years is $768.

Attached as **Exhibit 2** are Plaintiff's timesheets. Plaintiff's attorneys' fees and costs are reasonable. Under the agreement, my firm will receive $13,838.00, which is comprised of $757 in costs, plus one-third of the settlement amount net of costs ($13,081.00). The costs are comprised entirely of the filing fee and service costs. Courts, including this Court, regularly approve attorneys' fees of one-third of the settlement amount in FLSA cases. Guajardo, 2020 WL 1922642, at *3; Meza v. 317 Amsterdam Corp., No. 14-CV-9007 (VSB), 2015 WL 9161791, at *2 (S.D.N.Y. Dec. 14, 2015); Merino Leon v. Univ 45 Fruit & Vegetable Corp., No. 19-CV-8266 (RA), 2020 WL 1322580, at *2 (S.D.N.Y. Mar. 20, 2020); Carrion v. 381 North Ave. Auto Care Inc. et al, Case No. 19-CV-05901 (Magistrate-Judge Davison - October 29, 2019).

The lodestar also justifies these fees. Plaintiff's attorneys' fees are $8,050. Plaintiff is requesting a multiplier of 1.62, which is certainly reasonable because this case settled early before motion practice or significant discovery and the parties actively worked together to minimize costs. Courts have recognized that reducing fees below the typical one-third because of early settlement has the "potential to create a disincentive to early settlement." Hyun v. Ippudo USA Holdings, No. 14-CV-8706 (AJN), 2016 WL 1222347, at *3 (S.D.N.Y. Mar. 24, 2016) (quoting McDaniel v. Cty. of Schenectady, 595 F.3d 411, 418 (2d Cir. 2010)). That was especially true in this case, where the parties focused almost exclusively on settlement rather than wasting time and resources on litigation.

I am the only attorney who worked on this case. I am requesting an hourly rate of $500. I am a partner at Fisher Taubenfeld LLP. I was admitted to the Bar of the State of New York in 2008 and since then have practiced labor and employment law, with a strong focus on wage-and-hour law. I have litigated as the primary attorney dozens of FLSA cases and have been designated class counsel in a FLSA case in this District in Gonzalez et al v. Allied Concrete Industries Inc. et al., EDNY Case No.: 2:14-cv-4771 (GRB)(SIL), where I recently won partial summary judgment in the hundreds of thousands of dollars for the class. I have also successfully won appeals in wage-and-hour matters before the Second Circuit and New York courts. Catzin v. Thank You & Good Luck Corp., 899 F.3d 77 (2d Cir. 2018); Hichez v. United Jewish Council of the E. Side, 179 A.D.3d 576, 117 N.Y.S.3d 214 (N.Y. App. Div. 2020). I am a member of the New York chapter of the National Employment Lawyers Association (NELA-NY) and have been invited to give CLEs on the FLSA. I have also been named a "Rising Star" by Super Lawyers. Another court in this Circuit recently approved $500 an hour for a named partner in a FLSA case. Canales v. Norwich Serv. Station Inc., No. 20-CV-4759(JMW), 2021 WL 5759727, at *5 (E.D.N.Y. Dec. 3, 2021).

The hours expended are appropriate as well. I spent 16.1 hours on this matter. The work performed in this case included speaking with the client, drafting the complaint, drafting discovery demands, undergoing settlement discovery, drafting damages calculations, discussing the case with the mediator, negotiating the settlement and reviewing the settlement documents, and drafting the settlement approval documents. The fees are therefore appropriate. Accordingly, the Court should approve Plaintiff's attorneys' fees.

The costs are reasonable as well. Attached as **Exhibit 3** are invoices for Plaintiff's service costs, which reflect $355 in service costs. We respectfully request that the Court take judicial notice of Plaintiff's $402 filing fee.

       Thank you for your attention to the above.

                                      Respectfully Submitted,
                                      --------------------/s/----------------
                                      Michael Taubenfeld

Encl.