UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
JOSE MANJARREZ,

                Plaintiff,

            -against-

BAYARD'S ALE HOUSE LLC, et al.,

                Defendants.

-----------------------------------------------------------x

21-CV-1968 (OTW)

**OPINION & ORDER**

**ONA T. WANG**, **United States Magistrate Judge:**

Plaintiff Jose Manjarrez brought this action against Bayard's Ale House LLC, 218 East 52nd Street Restaurant LLC, and Niall Moran (collectively "Defendants") in accordance with the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Plaintiff alleged Defendants failed to pay overtime wages, and did not provide Plaintiff with a wage notice that included the actual regular and overtime hours Plaintiff worked. (ECF 33 at 1). Plaintiff and Defendants reached a settlement and now seek Court approval of their proposed settlement agreement under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). (ECF 33). This Court ordered the parties to resubmit an amended proposed settlement agreement on June 27, 2022. (ECF 35). The parties submitted supplemental materials on July 4, 2022. (ECF 36). All parties have consented to my jurisdiction to decide the motion in accordance with 28 U.S.C. § 636(c). (ECF 38). For the reasons below, the Court **APPROVES** the settlement agreement as fair and reasonable.

1

I.  **Background**

Plaintiff states he was employed by Defendant from 2016 until 2020, and performed various roles during his employment including busboy, kitchen worker, food runner, and waiter. (ECF 33 at 1). In February 2022, after meeting with a Court-appointed mediator, the parties reached a settlement agreement. (ECF 33 at 2).

II.  **Discussion**

Fed. R. Civ. P. 41(a)(1)(A) permits the voluntary dismissal of an action brought in federal court, but subjects that grant of permission to the limitations imposed by "any applicable federal statute." The Second Circuit has held that "in light of the unique policy considerations underlying the FLSA," this statute falls within that exception, and that "stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the [Department of Labor] to take effect." *Cheeks*, 796 F.3d at 206. This Court will approve such a settlement if it finds it to be fair and reasonable, employing the five non-exhaustive factors enumerated in *Wolinsky v. Scholastic Inc.*:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotations omitted).

a.  **Range of Recovery**

Plaintiff calculated his total overtime damages to be $30,694.00. (ECF 33 at 1) (ECF 36 at 1; Exhibit 1). The proposed settlement amount is $40,000.00. (ECF 33 at 2). Of the total settlement amount, Plaintiff would receive $26,162.00, approximately 85% of Plaintiff's best-

case outcome for overtime damages. Plaintiff's counsel would then receive $13,838.00 in attorneys' fees and costs, with $757.00 allocated to costs and $13,081.00 allocated to attorneys' fees. (ECF 33 at 3) (ECF 36 at 2; Exhibit 2-3). Given the risks of litigation as noted below, the Court finds this amount reasonable.

### b. Burden and Risks of Litigation

Settlement enables the parties to avoid the burden and expense of preparing for trial. The parties' filings demonstrate that there are significant disputes present in this case that present them with risks were they to proceed with litigation. (ECF 33 at 3). Plaintiff acknowledges that Defendants will not be able to afford a significant award at trial, and Plaintiff may ultimately receive nothing if he litigates to the end. (ECF 33 at 3).

### c. Arm's Length Negotiation

The parties represent that the settlement was a product of extensive negotiations, and there is no evidence to the contrary. (ECF 33 at 3).

### d. Risk of Fraud or Collusion

There is nothing in the record to suggest that fraud or collusion played a role in the settlement.

### e. Additional Factors

The release is appropriately limited to claims based on Plaintiff's employment up to the date the agreement was executed and does not seek to exceed the scope of wage-and-hour issues. *See Caprile v. Harabel Inc.*, 14-CV-6386, 2015 WL 5581568, at *2 (S.D.N.Y. Sept. 16, 2015) (finding limitation to employment-related claims sufficiently narrow).

This agreement also lacks certain objectionable provisions that courts have found fatal

in other proposed FLSA settlements. The proposed settlement agreement contains no confidentiality provision and has already been filed in the public record. *See Thallapaka v. Sheridan Hotel Associates LLC*, No. 15-CV-1321, 2015 WL 5148867, at *1 (S.D.N.Y. Aug. 17, 2015) (finding "overwhelming majority" of courts reject confidentiality provisions in FLSA settlements). Nor does the agreement contain a non-disparagement provision. *See Martinez v. Gulluoglu LLC*, 15-CV-2727, 2016 WL 206474, at *1 (S.D.N.Y. Jan. 15, 2016) (finding non-disparagement provisions generally contravene the FLSA's purpose).

The Court finds that, given the particular facts and potential damages in this case, the attorneys' fees award of $13,081.00 is reasonable, and represents approximately 33% of the total award. Although there is not a proportionality requirement, FSLA settlements generally amount to a third of the settlement award. *See Fisher v. SD Protection, Inc.*, 948 F.3d 593, 603 (2d Cir. 2020) (holding that the FLSA "simply provides for a reasonable attorneys' fee to be paid by the defendant"); *Singh v. MDB Construction Mgmt., Inc.*, No. 16-CV-5216 (HBP), 2018 WL 2332071, at *2 (S.D.N.Y. May 23, 2018) (noting that one-third of settlement is "normal rate"); *Rodriguez-Hernandez v. K Bread & Co.*, 15-CV-6848, 2017 WL 2266874, at *5 (S.D.N.Y. May 23, 2017) ("In this Circuit, courts typically approve attorneys' fees that range between 30 and 33 1/3%"). Given these facts, the Court finds the attorneys' fee award to be reasonable.

### III.     Conclusion

For the foregoing reasons, the Court approves the parties' proposed settlement agreement as fair and reasonable. Plaintiff will receive **$26,162.00**. Plaintiffs' counsel will receive **$13,838.00** of the settlement amount, with **$13,081.00** allocated to attorneys' fees and **$757.00** allocated to costs.  It is hereby **ORDERED** that this action is dismissed with prejudice. The Clerk is respectfully directed to close the case.

**SO ORDERED.**

Dated: December 1, 2022
New York, New York

_s/ Ona T. Wang_
**Ona T. Wang**
United States Magistrate Judge